**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Wave 3 Learning, Inc.

Plaintiff(s),

v.

AVKO Educational Resource Foundation,
Inc.

Defendant(s).

Case No.  14 c 1948
Judge Virginia M. Kendall

**ORDER**

Defendant's motion to dismiss [41] is granted. The case is dismissed for want of subject matter jurisdiction.

**STATEMENT**

Plaintiff Wave 3 Learning, Inc. seeks a declaratory judgment that it owns the copyright to a series of instructional books aimed at helping children read, spell, and write (the "Works"). Defendant AVKO Educational Research Foundation, Inc., whose president registered the Works and assigned them to AVKO, moves to dismiss the Third Amended Complaint ("TAC")[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on Wave 3's failure to allege a valid transfer of the copyright to the Works to Wave 3 and that Wave 3 is estopped from arguing otherwise based on previous litigation in the Eastern District of Michigan. *See AVKO Educ. Research Foundation v. Morrow*, No. 11 C 13381, 2013 WL 1395824 (E.D. Mich. Apr. 5, 2013). The Court previously granted AVKO's motion to dismiss the First Amended Complaint because Wave 3 had not alleged facts sufficient to show that the rights to the Works had transferred to it via any written instrument. The Third Amended Complaint makes clear that this gap in the chain was not a pleading defect, but a factual defect that implicates Wave 3's standing to file suit at all. Because Wave 3 has pled that no written instrument transferred ownership of the copyrights to it before it filed suit, any imminent injury emanating from the uncertainty surrounding the ownership of the copyrights could not have been personal to Wave 3. Wave 3 therefore lacked Article III standing at the time it filed suit and the Court thus lacks subject matter jurisdiction and must dismiss the case.

For purposes of this motion, the Court takes all well-pleaded allegations as true and draws all reasonable inferences based on those allegations in the plaintiff's favor. *See Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 255 (7th Cir. 2014). AVKO is a non-profit membership-based organization that develops commercial educational materials. (TAC ¶ 11). AVKO's

---

[1] Technically, the "Third Amended Complaint" (Dkt. No. 40) is the second amended complaint. The Court references the Third Amended Complaint or TAC for the sake of consistency within the docket.

president, Donald McCabe, acquired registered copyrights to the Works as author and that AVKO received those copyrights by assignment. (*Id.* ¶ 20).

Those copyrights then passed to Thomas Morrow by way of an attempted agreement to sell the rights to Home School Holdings, a corporation that Morrow headed (the "Publishing Rights Agreement"). (*Id.* ¶¶ 26-32).[2] Though the deal between AVKO and Home School Holdings did not come to fruition, Wave 3 alleges that the document did transfer the copyrights in the Works to Morrow in his individual capacity.[3] This is the point at which the previous complaint's account of the chain of transfer of the copyrights (Dkt. No. 21) ceased. The Court dismissed that complaint because it did not contain "allegations from which one could infer a writing transferring the copyrights to the Works to Wave 3, whether from HSH, Morrow, or AVKO." (Dkt. No. 38 p. 3).

Following this Court's ruling that no writing existed to evidence a transfer of the copyrights in the Works to Wave 3, Morrow and Wave 3 executed a Trademark Copyright Assignment Agreement. (TAC ¶ 77). That transaction occurred on August 14, 2014, nearly five months after Wave 3 filed its initial complaint. The purpose of the agreement was to assign Morrow's interest in the copyrights to the Works to Wave 3. The present motion to dismiss followed.

Under 17 U.S.C. § 201(a), "Copyright in a work protected under this title vests initially in the author or authors of the work." There is no dispute that Wave 3 did not author any of the Works. Rather, the dispute concerns whether there was a transfer of ownership of the copyrights to the Works from AVKO to Wave 3.

"A transfer of copyright ownership, other than by operation of law is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). The Court previously ruled that the First Amended Complaint did not allege facts sufficient to show that the Publishing Rights Agreement transferred the copyrights to the Works from AVKO to Wave 3. (Dkt. No. 38 p. 2). The TAC's account of the Publishing Rights Agreement is substantially identical to the First Amended Complaint and the Court reaches the same conclusion with respect to that transfer for the reasons previously stated. (*See id.*). The previous complaint was deficient, the Court ruled, because it did not allege the existence of any writing transferring the copyrights to the Works from any plausible holder of the copyrights to Wave 3. The Third Amended Complaint attempts to remedy that deficiency by alleging that "[o]n August 14, 2014 . . . Thomas Morrow and Wave 3 executed a Trademark and Copyright Assignment Agreement, which assigned all rights obtained by Thomas Morrow under the Publishing Rights Agreement to Wave 3." (TAC ¶ 77). Nothing else in the Third Amended Complaint attempts to bridge the gap that the Court identified in dismissing the previous complaint.

---

[2] The details of the attempted transaction are detailed more fully in the Court's previous Order dismissing the First Amended Complaint. (Dkt. No. 38).

[3] AVKO strenuously denies that this document is sufficient to transfer the copyrights to the Works to Morrow. The Court has already found that the allegations in the First Amended Complaint (Dkt. No. 21) plausibly allege that the copyrights to the Works transferred to Morrow via the Publishing Rights Agreement. (*See* Dkt. No. 38 p. 3) ("At best, the Publishing Rights Agreement evinces a transfer of ownership of the copyrights in the Works from AVKO to Morrow."). The Third Amended Complaint's allegations are substantially similar with respect to this transfer. This conclusion, of course, is simply an assessment of the sufficiency of the complaint and not a finding that the Publishing Rights Agreement actually did transfer the copyrights to Morrow.

The nature of the new transfer described in the TAC elucidates a problem that neither party identified in its briefs; Wave 3 lacked standing to file the present lawsuit. Among other things, Article III standing requires parties who invoke the power of a federal court to show "a personal injury," as opposed to an injury suffered by some other party.[4] *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2013) ("Under Article III of the Constitution, the jurisdiction of the courts is limited to claims presenting a case or controversy *between the plaintiff and the defendant*.") (emphasis added). Standing must exist at the time the lawsuit is filed. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation."). Events that occur after the filing of a lawsuit cannot create standing when it did not exist at the time of the filing.[5] *See Pollack v. U.S. Dep't of Justice*, 577 F.3d 736, 743 n.2 (7th Cir. 2009) ("a plaintiff must establish standing at the time suit is filed and cannot manufacture standing afterwards"); *Perry v. Village of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("It is not enough for [plaintiff] to attempt to satisfy the requirements of standing as the case progresses."). A party seeking a declaratory judgment must demonstrate that the elements of standing are present. *See NewPage Wis. Sys. Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. and Serv. Workers Int'l Union, AFL-CIO/CLC*, 651 F.3d 775, 776 (7th Cir. 2011) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

The Third Amended Complaint makes clear that no written document existed transferring ownership of the copyrights to the Works to Wave 3 at the time the lawsuit was filed. Any injury, therefore, was not "personal" to Wave 3 because no facts plausibly allege a transfer of ownership of the Copyrights to the Works to Wave 3. Both the Third Amended Complaint and Wave 3's response to the present motion to dismiss make clear that no transfer of any copyright occurred until August 14, 2014, nearly five months after Wave 3 initially filed suit. (TAC ¶ 77; Dkt. No. 44 p. 11). Notably, the Third Amended Complaint does not allege that the August 14 written instrument validated any past oral agreement *nunc pro tunc*. *Cf. Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003). Nothing existed as of the date Wave 3 filed suit that conceivably – let alone plausibly – could have transferred the copyrights in the Works to Wave 3. Because Wave 3 faced no imminent personal injury when it filed suit, it lacked standing to bring the declaratory judgment action and thus the Court presently lacks subject matter jurisdiction.

The lack of ownership, and therefore standing, is not a defect that could be remedied by a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure. Supplemental

---

[4] Standing is the proper doctrine to invoke. If the plaintiff in a copyright infringement case fails to allege that it owns the copyrights at issue, the Copyright Act supplies the proper grounds for dismissal. *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. 2011) ("The Copyright Act restricts the set of people who are entitled to bring a civil action for infringement") (citing 17 U.S.C. § 501(b)). Here, however, Wave 3 does not seek to hold AVKO liable for infringement, but instead seeks a declaratory judgment that Wave 3 owns the copyrights to the Works. Therefore the § 501(b) restriction is not implicated and the question is whether the Court has jurisdiction under the Declaratory Judgment Act and Article III of the Constitution.

[5] Events that occur subsequent to filing suit can, however, destroy previously existing standing. *See, e.g.*, *Aslin v. FINRA*, 704 F.3d 475, 477-78 (7th Cir. 2013) ("the federal courts lose subject matter jurisdiction . . . when a justiciable controversy ceases to exist between the parties"); *see also Honig v. Doe*, 484 U.S. 305, 317 (1988) ("That the dispute between the parties was very much alive when suit was filed . . . cannot substitute for the actual case or controversy that an exercise of this Court's jurisdiction requires.")

pleadings set out a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented" and "the court may permit supplementation even though the original pleading is defective in stating a claim[.]" Fed. R. Civ. P. 15(d). Standing, though, must exist "at the outset of the litigation." *Laidlaw*, 528 U.S. at 180. Events occurring subsequent to the moment Wave 3 filed suit are insufficient to create standing because a plaintiff "cannot manufacture standing" after that date. *Pollack*, 577 F.3d at 743 n.2; *see also Committee to Prevent Mun. Bankruptcy v. Renne*, 77 F.3d 488, 1996 WL 48369 at *2 (9th Cir. 1996) (wholly new, post-complaint conduct described in supplemental pleading cannot create a basis for standing) (unpublished). As described above, it is clear that Wave 3's injury became "personal" (if at all) only when Morrow assigned his copyrights in the Works to Wave 3 on August 14, 2014. That is too late. Moreover, even if this defect in standing could have been remedied by a supplemental pleading, Wave 3 did not seek, and the Court did not grant, leave to file a supplemental pleading. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . .").

That neither party raised the issue of jurisdiction is immaterial. "Jurisdiction is the power to declare law, and without it federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005). Because Wave 3 lacked standing to file the initial complaint, the Court lacks subject matter jurisdiction. The case is dismissed.

Date: 2/23/2015

Virginia M. Kendall
United States District Judge